UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CLEMMIE LEE MITCHELL, JR.,           )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No.:  3:13-CV-364-TAV-HBG
                                     )
TENNOVA HEALTHCARE,                  )
                                     )
            Defendant.               )

## MEMORANDUM OPINION

This civil action is before the Court on defendant Tennova Healthcare's Motion to

Dismiss [Doc. 2].  Defendant moves the Court, pursuant to Rules 12(b)(5) and 12(b)(6)

of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint for insufficient

service of process and for failure to state a claim upon which relief can be granted.

Plaintiff, proceeding *pro se*, has failed to file a response, and the time for doing so has

passed.  *See* E.D. Tenn. L.R. 7.1(a), 7.2.  For the reasons set forth herein, and after

considering the relevant law, the Court will **GRANT** defendant's motion to dismiss

plaintiff's complaint.

## I.    Background[1]

Plaintiff commenced this action on June 24, 2013, asserting a claim under the

Emergency Medical Treatment and Active Labor Act ("EMTALA" or the "Act")

---

[1] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as
true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's
motion to dismiss, a judge must accept as true all the factual allegations contained in the
complaint." (citations omitted)).

pursuant to 42 U.S.C. §1395dd(a), and a claim for common law negligence.[2]  Plaintiff alleges that on June 21, 2012, he entered the emergency room at Tennova Healthcare, accompanied by Donald Johnson and Sara King [Doc. 2].  Plaintiff states that he was thereafter admitted by the emergency room staff and escorted to a private room by emergency room employee "Physician Jane Doe . . . to await treatment for sevier [sic] leg Trauma which [p]laintiff explained during intake happened while at work as an employee at Superior Steel Inc." [*Id.*].  Plaintiff claims that Physician Jane Doe returned to his private room and told him that she could not provide any medical services to him and that he would have to contact Chris Cummings from human resources at Superior Steel [*Id.*].

Plaintiff states that he was then taken to Superior Steel to speak with Ms. Cummings, but the office was closed and Ms. Cummings had gone home for the day [*Id.*].  As a result, plaintiff claims that he had to return home and spend "the entire night in pain unable to do anything to help himself" [*Id.*].  Plaintiff further states that the following day, he spoke with Ms. Cummings, who filled out insurance paper work [*Id.*].  Thereafter, plaintiff was sent to Park Med where he was "diagnosed with a broken leg and referred to The Knoxville Orthepedic [sic] Clinic for emeregency [sic] surgery [*Id.*].  Plaintiff alleges that defendant "failed to provide the necessary services require [sic] pursuant to the EMTALA and [he] suffered in pain for moe [sic] than 24 hours as a result" [*Id.*].

---

[2] While plaintiff's complaint cites common law negligence as codified under 42 U.S.C § 1395dd(1)(B), this provision does not exist in the United States Code.  The Court will nevertheless proceed to examine the validity of plaintiff's claim under the applicable negligence laws.

## II.    Insufficient Service of Process

In its motion to dismiss, defendant argues, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, that plaintiff failed to provide defendant with proper service of process.

### A.    Standard of Review

Under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.  "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir. 2003).  The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *see also Mullins v. Kalns*, No. 99-4301 2000 WL 1679511, at *2 (6th Cir. Nov. 3, 2000) (stating that the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made" (citing *Byrd*, 94 F.3d at 219)).

### B.    Analysis

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(h) provides that in the absence of a waiver, a corporation must be served by delivering a copy of the service documents to an officer or agent plus mailing a copy of the documents to the defendant.  Fed. R. Civ. P. 4(h)(1)(B).  "'For purposes of determining whether there is proper service of process, it is immaterial whether

3

[defendant] has actual knowledge of the lawsuit. A defendant's actual knowledge of a lawsuit is not substitute for process under Fed. R. Civ. P. 4.'" *Treadway v. Cal. Prods. Corp.*, No. 2:13-CV-120, 2013 WL 6078637, at *2 (E.D. Tenn. Nov. 19, 2013) (alteration in original) (quoting *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *3 (E.D. Tenn. July 16, 2002)). In this case, the summons was received, and return receipt signed, by Noah Collins whom defendant claims was not the defendant's registered agent, sub-agent, officer, nor managing agent authorized to accept service on its behalf [Doc. 6]. The Court thus agrees with defendant that plaintiff has not met the requirements for proper service under Rule 4(h) of the Federal Rules of Civil Procedure.

However, the Sixth Circuit has held that:

> when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the courts the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citations omitted). The record in this case shows that plaintiff was granted leave to proceed in forma pauperis, and that the summons was issued to the United States Marshals Service for service [Doc. 3]. In view of this fact and under the reasoning of *Byrd*, it would be inappropriate to dismiss this

4

action for insufficient service of process because the summons was not received by the designated person.[3]

## III. Failure to State a Claim

Plaintiff alleges that defendant violated his rights under EMTALA by failing to provide him with the necessary services required by the Act. In its motion to dismiss, defendant argues that plaintiff has failed to state a claim against it under Fed. R. Civ. P. 12(b)(6) because Tennova Healthcare is not a legal entity that is capable of being sued. Additionally, defendant argues that plaintiff has failed to state a claim against it for a violation of EMTALA pursuant to 42 U.S.C. § 13955dd(a). Regarding plaintiff's common law negligence claim, defendant asserts it should be dismissed because this claim sounds in medical malpractice and plaintiff has failed to comply with statutory procedures contained in the Tennessee Medical Malpractice Act (the "TMMA"), Tenn. Code Ann. §§ 29-26-101 *et seq.*, for filing a medical malpractice claim, and has failed to file the claim within the applicable statute of limitations.

### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only a "'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what . . . the claim is and the grounds upon which it

---

[3] Defendant also suggests that service of process was improper under Rule 12(b)(5) because the summons was not addressed to the proper defendant [Doc. 6]. However, the Court need not address this proposition because it finds reason to dismiss the complaint on different grounds.

5

rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Direct, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim is content specific requiring the reviewing court to draw on its experience and common sense." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556).

*Pro se* litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 502 (1972). Still, this Court's "lenient treatment generally

6

accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal of a *pro se* complaint containing "vague and conclusory allegations unsupported by material facts").

### B. Analysis

#### 1. Tennova Healthcare is Not a Legal Entity

Defendant argues that plaintiff's complaint should be dismissed because he has sued an improper party—Tennova Healthcare, as opposed to Metro Knoxville HMA, LLC d/b/a Tennova Healthcare-Physicians Regional Medical Center [Doc. 6]. Defendant claims that Tennova Healthcare is not a separate legal entity that is capable of being sued [*Id.*].

Because Tennova Healthcare is not a legal entity, the Court agrees with defendant that plaintiff has failed to state a claim against Tennova Healthcare. *See generally Nelson v. Putnam Cnty. Justice Ctr.,* No. 2:13-CV-00029, 2013 WL 1623686, at *3 (M.D. Tenn. Apr. 15, 2013) (finding that the plaintiff failed to state a claim against the named defendant because the named defendant was a building and not a legal entity); *Ali v. Univ. of Mich. Health Sys.-Risk Mgmt.*, No. 11-13913, 2012 WL 3112419, at *3 (E.D.

7

Mich. May 4, 2012) *report and recommendation adopted sub nom*. No. 11-CV-13913, 2012 WL3110716 (E.D. Mich. July 31, 2012) (holding that the plaintiff's claim should be dismissed because the plaintiff filed suit against an entity that was not subject to suit). In light of this and the failure of the plaintiff to request leave to amend his complaint to name the proper parties, the Court finds that plaintiff's complaint has failed to state a claim upon which relief can be granted.

### 2. EMTALA Claim

Assuming a properly named defendant, plaintiff alleges that defendant violated the EMTALA. Under this statute, a participating hospital must screen any individual who comes into its emergency room to seek treatment in order to determine whether the individual has an emergency medical condition. *See* 42 U.S.C. § 1395dd(a). If such an emergency condition exists, the second part of the statute requires the hospital to provide stabilizing treatment before discharging or transferring the patient to another facility. 42 U.S.C. § 1395dd(b). Based on the language of the statute, it is clear that Congress intended to "limit the cause of action provided by the Act to only those individuals who did not receive an 'appropriate screening' or who were not 'stabilized' before being transferred or discharged." *Cleland v. Bronson Health Care Grp.*, 917 F.2d 266, 271 (6th Cir. 1990). The Sixth Circuit has defined "appropriate" as required by the statute to mean "care similar to care that would have been provided to any other patient, or at least not known by the providers to be insufficient or below their own standards." *Id*.

8

In this case, plaintiff's complaint fails to make any mention of the screening that is required by the statute. Rather, plaintiff's complaint merely states that:

> Emergency Room staff admitted Plaintiff and Physician Jane Doe an employee working in The Emergency Room at Tennova Healthcare escorted Plaintiff . . . to a private room to await treatment for sevier [sic] leg Trauma which happened while at work as an employee at superior steel Inc. Physician Jane Doe returned to the private room and told Plaintiff that she could not provide any medical services to Plaintiff and That Plaintiff needed to contact Chris Cummings over Human Resources [sic]

[Doc. 2]. Regardless of the plaintiff's express failure to reference any medical screening done by defendant, nothing in plaintiff's complaint indicates that defendant's actions would have been different for a patient of any other characteristics—including, for example, a patient of a different sex, race, national origin, financial condition, or social status. *See Cleland*, 917 F.2d at 271.

As noted by the United States Court of Appeals for the First Circuit, "EMTALA does not create a cause of action for medical malpractice. Therefore, a refusal to follow regular screening procedures in a particular instance contravenes the statute, but faulty screening in a particular case, as opposed to disparate screening, or no screening at all, does not contravene the statute." *Correa v. Hosp. San Francisco*, 69 F.3d 1184, 1192–93 (1st Cir. 1995) (internal citations omitted). The Court agrees with defendant that while plaintiff makes no explicit mention of any screening process in his complaint, it appears that plaintiff's grievance is that he did not receive the type of medical treatment he believes he should have received [Doc. 6]. This claim does not fall under the protection

of EMTALA because the statute does not guarantee a particular type of medical treatment that is to the plaintiff's liking; rather, EMTALA solely requires a participating hospital to take appropriate screening measures. *See Cleland*, 971 F.2d at 271.

In light of the standards of review discussed above, giving plaintiff's complaint the most liberal construction, the Court finds that plaintiff's allegations are not sufficient to withstand a motion to dismiss for failure to state a claim.

### 3. Common Law Negligence Claim

In addition to his EMTALA claims, plaintiff also seeks redress for his claim of common law negligence[4] [Doc. 2]. In its motion to dismiss, defendant contends that this claim should be dismissed because the claim sounds in medical malpractice and is time barred [Doc. 6]. Alternatively, defendant argues that plaintiff failed to comply with the statutory requirements of the TMMA [*Id.*].

The Court agrees that plaintiff's common law negligence claim fits squarely within the realm of medical malpractice under Tennessee law. "The Tennessee Supreme Court has noted that medical malpractice is but a particular type of negligence, and when a negligence claim arises from injuries resulting from negligent medical treatment, the action is one for medical malpractice." *Seiber v. Anderson Cnty.*, No. 3:11-CV-108, 2011 WL 6258446, at *11 (E.D. Tenn. Dec. 14, 2011) (citing *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 639–40 (Tenn. 2003)). Particularly, the Tennessee Supreme Court has held that "when a claim alleges negligent conduct which constitutes or bears a

---

[4] *See supra* note 2.

substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statue is applicable." *Gunter*, 121 S.W.3d at 641.

Here, plaintiff has alleged claims for inadequate or no treatment against medical professionals and an employer of medical professionals. Plaintiff's allegations also involve the rendition, or lack thereof, of medical treatment—to wit, the alleged failure of defendant and defendant's employee to provide plaintiff with medical treatment, thereby causing plaintiff to remain in pain for a prolonged period [Doc. 2].

The statute of limitations period for a medical malpractice claim under Tennessee law is one year. *See* Tenn. Code Ann. § 29-26-116(a)(1) (providing that the statute of limitations in health care liability actions shall be one year).[5] Plaintiff filed this lawsuit on June 24, 2013, more than one year after he was allegedly denied treatment by defendant on June 21, 2012 [Doc. 2]. Therefore, plaintiff's medical malpractice claim falls outside the applicable statute of limitations period. The Court thus finds that the claim for medical malpractice should be dismissed.

In the alternative, defendant argues that plaintiff has failed to comply with the statutory requirements of the TMMA. The TMMA requires that all plaintiffs asserting a medical malpractice claim in Tennessee must comply with an applicable notice requirement. The statute provides, in pertinent part, that:

> Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider who

---

[5] To the extent plaintiff asserts a claim for common law negligence, this claim would be barred by the applicable one-year statute of limitations as well. Tenn. Code Ann. § 28-3-104.

> will be named a defendant at least sixty (60) days before the
> filing of a complaint based upon medical malpractice in any
> court of this state.

Tenn. Code Ann. § 29-26-121(a)(1). The TMMA also provides that if a complaint "is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with [the pre-suit notice requirement] and shall provide such evidence of compliance as the court may require." Tenn. Code Ann. § 29-26-121(b). Even so, under the TMMA, courts are permitted to exercise discretion to excuse compliance with the pre-suit notice requirement where plaintiff shows extraordinary cause. *Id.*

In addition to the notice requirement, the TMMA also provides that "[i]n any medical malpractice action in which expert testimony is required by § 29-16-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Tenn. Code Ann. § 29-26-122(a). "Expert testimony is required under § 29-26-115 except where the act of alleged malpractice lies within the knowledge of ordinary laymen." *Sieber*, 2011 WL 6258446, at *11 (citing *Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003)).

In this case, plaintiff has not complied with either the statutory notice requirement or the requirement to file a certificate of good faith along with the complaint. Therefore, the Court finds that because plaintiff's common law negligence claim falls within the scope of the TMMA, and plaintiff has failed to comply with the statutory requirements of the TMMA, the law requires a dismissal of plaintiff's claim for common law negligence.

12

**IV.  Conclusion**

For the reasons stated above, the Court will **GRANT** defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted [Doc. 2].  Plaintiff's complaint will be **DISMISSED**.  The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE